UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**BOERNE UMC,**

  *Plaintiff*,

v.                                               Case No. SA-24-CV-00610-JKP

**CHURCH MUTUAL INSURANCE COMPANY, S.I.,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Church Mutual Insurance Company's (Church Mutual) Motion for Summary Judgment. *ECF Nos. 37,43*. Plaintiff Boerne UMC responded. *ECF Nos. 39*. Upon consideration, the Court concludes the Motion is GRANTED IN PART AND DENIED IN PART.

### UNDISPUTED FACTUAL BACKGROUND

Boerne UMC is a church with multiple buildings located on a single property (the Property). The Property was insured under an insurance policy (the Policy) issued by Church Mutual Insurance (Church Mutual) which provided coverage for the period January 1, 2021, to January 1, 2022. This case arises from an insurance claim made on the Policy for damage to buildings on the Property arising from a hailstorm that occurred in May 2021, during the Policy period.

On August 12, 2022, Boerne UMC had a contractor, Hometown Roofing and Restoration, inspect the roofs of all buildings on the Property. Hometown Roofing found damage to several roofs and HVAC units needing repair and prepared an estimate for repair of over $700,000. On

November 17, 2022, Boerne UMC then submitted a claim to Church Mutual for coverage under the Policy for damage caused by the hailstorm that occurred on May 2, 2021.

Upon receipt of the claim, Church Mutual assigned a third-party vendor, Claim Consultant Group, to investigate the claim. On November 30, 2022, Claim Consultant inspected the property and found signs of storm damage; however, it did not determine when the observed damage occurred or whether the observed damage was covered under the Policy. Claim Consultant recommended Church Mutual retain an engineer to evaluate whether the observed damage affected the roof's functionality or whether such damage was cosmetic, only. Upon receiving this report, Church Mutual sent a letter to Boerne UMC advising that it needed more time to examine and investigate.

Church Mutual then hired an engineering consultant, Scout Forensics, which inspected the Property on January 4, 2023, to evaluate the cause, nature, and extent of the damage observed by Claim Consultant. Scout Forensics determined most of the observed damage was cosmetic only. Scout Forensics found non-cosmetic damage to the asphalt shingle roofs of Buildings 6, 7, and 9, and to the HVAC units attached to Buildings 1 and 5.

Based on these findings, Church Mutual prepared an estimate of the actual cash value (ACV) of the covered, non-cosmetic damage found by Scout Forensics and determined this ACV was below the Policy deductible. On January 12, 2023, Church Mutual sent a partial-denial letter to Boerne UMC advising that because the ACV of the covered damage fell below its deductible, no benefits would issue.

Boerne UMC filed suit on March 21, 2025, asserting causes of action against Church Mutual of breach of contract, violation of the Texas Insurance Code § 541.151 for unfair settlement practices, violation of the Prompt Payment Act in Texas Insurance Code § 542.060, and common

law breach of duty of good faith and fair dealing. Based upon the relationship between Church Mutual and its agent, Boerne UMC asserts causes of action based in respondeat superior for violation of § 541.060(a)(1) for misrepresentation of material facts relating to coverage at issue, violation of § 541.060(a)(2) for failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim in which the insurer's liability has become reasonably clear, violation of § 541.060(a)(4) for failure to affirm or deny coverage or send a reservation of rights within a reasonable amount of time, violation of § 541.060(a)(7) for refusing to pay the claim without conducting a reasonable investigation, violation of § 541.061(1) for making an untrue statement of material fact, violation of §541.061(2) for not properly stating all material facts in order to make other statements not misleading, considering the circumstances under which the statements were made, and violation of §541.061(3) for making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

Church Mutual now files this Motion for Summary Judgment on all asserted causes of action.

**Legal Standard**

Summary judgment is appropriate if the record shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Rodriguez v. Pacificare, Inc.*, 980 F.2d 1014, 1019 (5th Cir. 1993). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009). A genuine dispute for trial exists if the record taken as a whole could lead a reasonable trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010). Because there

must be a genuine dispute of material fact, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of informing the court of the basis for the motion and of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact or the appropriateness of judgment as a matter of law. *Celotex Corp.,* 477 U.S. at 323; *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 163 (5th Cir. 2006). The movant is not required to negate the elements of the nonmovant's case but may satisfy its summary judgment burden by demonstrating the absence of facts supporting specific elements of the nonmovant's cause(s) of action. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075, 1076 n. 16 (5th Cir. 1994). To satisfy this burden, the moving party must provide affidavits or identify any portion of the pleadings, discovery or admissions that demonstrate the absence of a triable dispute of material fact. *Celotex Corp.*, 477 U.S. at 323; *Rodriguez*, 980 F.2d at 1019. "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014).

If the movant carries its initial burden, the burden shifts to the nonmovant to present competent summary judgment evidence showing the existence of a genuine dispute of material fact. *Matsushita*, 475 U.S. at 586-87; *see also* Fed. R. Civ. P. 56(c). Upon the shifting burden, "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003); *see also Eason v. Thaler,* 73 F.3d 1322, 1325 (5th Cir. 1996). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which this evidence raises a genuine dispute of material fact. *Ragas v.*

*Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)(citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). Further, should the nonmoving party fail "to address or respond to a fact raised by the moving party and supported by evidence, the court may consider the fact as undisputed" and "[s]uch undisputed facts may form the basis for a summary judgment." *Broadcast Music*, *Inc. v. Bentley*, SA-16-CV-394, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017).

In determining the merits of a motion for summary judgment, a court has no duty to search the record for material fact issues or to find a party's ill-cited evidence. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *Ragas*, 136 F.3d at 458. In addition, a court may not make credibility determinations or weigh the evidence and must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150 (2000); *Boudreaux v. Swift Transp. Co.*, *Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

**Discussion**

1. **Breach of Contract**

The elements of a breach of contract cause of action are: (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007); *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). To be entitled to summary judgment on a breach of contract cause of action, a defendant must show there is an absence of evidence to support all elements. *Celotex*, 477 U.S. at 325; *see Kaiser v. De Lage Landen Fin. Services, Inc.*, No. 22-CV-00038, 2024 WL 4556519, at *2-3 (W.D. Tex. Aug. 30, 2024). Thus, to prevail on summary judgment on a breach

5

of contract cause of action, a defendant must show there is no genuine dispute as to any material fact on at least one essential element, such that, the plaintiff cannot prove that element as a matter of law. *See Mahavier v. PNC Bank, Nat'l Ass'n*, No. SA-13-CA-704, 2014 WL 12489602, at *13 (W.D. Tex. July 11, 2014), report and recommendation adopted sub nom., 2014 WL 12489603 (W.D. Tex. Sept. 15, 2014), aff'd sub nom., 632 Fed. Appx. 238 (5th Cir. 2016).

### Notice Provision

Church Mutual contends it is entitled to summary judgment on Boerne UMC's breach of contract cause of action because there is no genuine dispute that Boerne UMC failed to comply with the Policy's notice provision that required Boerne UMC report any damage within one year of occurrence. Church Mutual contends this delay and failure to comply with the notice provision of the Policy created prejudice because the delay prevented Church Mutual from fully investigating the circumstances of the alleged cause of damage and from adequately preparing to adjust or defend any claims. This argument for summary judgment pertains to element 2, only: Boerne UMC's performance and compliance with the Policy terms.

To establish an insurance company is liable for a breach of its duty to satisfy a coverage claim, the insured must prove the claim falls within the subject policy. *Hamilton Properties v. Am. Ins. Co.*, 643 Fed. App'x. 437, 439 (5th Cir. 2016); *Data Specialties, Inc. v. Transcontinental Ins. Co.,* 125 F.3d 909, 911 (5th Cir. 1997). An insured's compliance with a prompt-notice provision in an insurance policy is a condition precedent to coverage, the breach of which voids policy coverage. *Blanton v. Vesta Lloyds Ins. Co.,* 185 S.W.3d 607, 611 (Tex.App.—Dallas 2006, no pet.). Accordingly, an insured's failure to comply with a notice provision under a policy is a defense to liability, not an exclusion of coverage. *Ridglea Estate Condo. Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 480 (5th Cir. 2005), as amended on reh'g (Aug. 10, 2005).

The primary purpose of the notice requirement "is to allow the insurer to investigate the incident close in time to the occurrence, while the evidence is fresh, and so that it may accurately determine its rights and liabilities under the policy (and take appropriate remedial action)." *Alaniz v. Sirius Int'l Ins. Corp.,* 626 Fed. App'x. 73, 78 (5th Cir. 2015); *see also Stonewall Ins. Co. v. Modern Expl., Inc.,* 757 S.W.2d 432, 435 (Tex. App.—Dallas 1988). However, the insured's breach of a prompt notice provision does not absolve the insurer from liability unless the lack of notice prejudices the insurer.[1] *Alaniz,* 626 Fed. App'x. at 78; *Herrera v. State Farm Lloyds*, No. 5:15-CV-148, 2016 WL 1076911, at *3 (S.D. Tex. Mar. 18, 2016); *PAJ, Inc. v. Hanover Ins. Co.,* 243 S.W.3d 630, 634 (Tex. 2008). Prejudice can arise when the insured's failure to timely notify the insurer of a claim results in the insurer's "inability to investigate the circumstances of an occurrence to prepare adequately to adjust or defend any claims." *Hamilton Properties*, 643 Fed. App'x. at 440–41; *Blanton,* 185 S.W.3d at 615; *see Stonewall,* 757 S.W.2d at 435. Consequently, to be entitled to summary judgment based upon this argument, Church Mutual must establish there is no genuine dispute that Boerne UMC did not comply with the Policy notice provision and there is no genuine dispute that this delay in notification caused prejudice to Church Mutual.

The parties do not dispute, and the undisputed facts demonstrate, that Boerne UMC did not comply with the one-year notice provision in the Policy. Thus, the question upon summary

---

[1] "[C]ourts traditionally distinguish between two types of insurance policies: 'occurrence' policies and 'claims-made' policies. In the case of an 'occurrence' policy, any notice requirement is subsidiary to the event that triggers coverage. Courts have not permitted insurance companies to deny coverage on the basis of untimely notice under an 'occurrence' policy unless the company shows actual prejudice from the delay. In the case of a 'claims-made' policy, however, notice itself constitutes the event that triggers coverage. Courts strictly interpret notice provisions in a 'claims-made' policy. Thus, an insurance company may deny coverage under a 'claims-made' policy without a showing of prejudice." *Fed. Ins. Co. v. CompUSA, Inc.*, 239 F. Supp. 2d 612, 617 (N.D. Tex. 2002), aff'd, 319 F.3d 746 (5th Cir. 2003). The Policy at issue in this case is an occurrence policy.

7

judgment is whether Church Mutual presents sufficient evidence to show no genuine dispute that Boerne UMC's 18-month delay in reporting the hail damage caused prejudice to Church Mutual. *See Hamilton Properties*, 643 Fed. App'x. at 440–41; *Alaniz,* 626 Fed. App'x. at 78.

In *Hamilton,* the court granted summary judgment as a matter of law to an insurer that denied a claim after conducting an investigation because the insurer presented evidence showing it was unable to determine the cause of the damages because so much time had passed and there had been multiple other hailstorms. *Hamilton Properties*, 643 Fed. App'x. at 440–41. Similarly, in *Alaniz* the court concluded upon summary judgment the insurer proved prejudice as a matter law because the insurer provided evidence showing the insured's delay hindered its ability "'to promptly investigate the circumstances of the accident while the matter is fresh' and 'to enable it to form an intelligent estimate of its rights and liabilities under the policy.'" *Alaniz,* 626 Fed. App'x. at 80.

Church Mutual points to a statement in the Scout Forensics Report to establish prejudice caused by Boerne UMC's failure to comply with the one-year notice provision. Specifically,

> Scout inspected the building and surrounding property for evidence of exposure to a hailstorm event. Such evidence commonly includes, but is not limited to, a random distribution of indentations in light-gauge metal components, abrasions to exposed wood surfaces, bent exposed air conditioning unit condenser fins, fractured plastic, fiberglass, and/or vinyl components, and/or spatter marks. Spatter marks are discolorations on building/site elements where recent hailstone impacts have temporarily removed surface grime, oxides, and/or growth, thus leaving a contrasted mark. *Spatter marks will fade over time, eventually becoming indistinguishable, and do not by themselves indicate damage to a material. Spatter marks are indicative of a recent hailstorm at the property and are an indicator of approximate hailstone size and trajectory. Field observations have revealed that spatter marks on most materials are generally visible for a period of time less than 2 years subsequent to a hailstorm event, though certain materials/surfaces can retain spatter marks for longer durations.*

*ECF No. 37, exh D, pp. 549-550* (emphasis added to denote Church Mutual's intended evidence of prejudice).

This statement is a non-specific general summation of evidence of hail damage and a general statement regarding deterioration of this evidence over time. The Scout Forensics Report does not state specifically the inspector was unable to determine the cause of the damages to the Property due to a lapse in time or that the delay in reporting damage hindered the inspector's ability to properly investigate the circumstance of the cause of any damage. *See ECF No. 37, exh. D; see also, Hamilton Properties*, 643 Fed. App'x. at 440–41; *Alaniz,* 626 Fed. App'x. at 78-80. The inspector does not tie this general statement regarding the existence or fading of spatter marks to his specific inspection of the Property. *See ECF No. 37, exh. D.*

Here, Church Mutual's summary judgment evidence shows it investigated the Property through Claim Consultant Group and Scout Forensics, which both determined hail damage occurred. *ECF No. 37, exhs. B,C,D*. Scout Forensics distinguished the damage needing repair (functional damage) from the damage that was merely cosmetic. *Id. at exh. D*. From the report provided by Scout Forensics, Church Mutual determined the amount of insured loss and determined its coverage liability. *ECF No. E.*

Because Church Mutual investigated the property and determined the amount of loss by differentiating between hail damage needing repair and cosmetic damage, Church Mutual does not provide specific evidence that conclusively shows prejudice in this circumstance. Instead, Church Mutual makes the unsubstantiated argument that Boerne UMC's failure to comply with the notice provision and delay in reporting, in and of itself, caused prejudice. This argument and lack of specific evidence is not sufficient to satisfy Church Mutual's summary judgment burden of proof. *See Herrera,* 2016 WL 1076911, at *5; compare *Hamilton Properties*, 643 Fed. App'x. at 440–41; *Alaniz,* 626 Fed. App'x. at 78-80. While it is suspicious that Boerne UMC claims significant damage due to the May 2021 hailstorm, but failed to discover the damage until August

2022, and then failed to report this damage until November 2022, the summary judgment burden is upon Church Mutual to establish prejudice as a matter of law. *See Herrera,* 2016 WL 1076911, at *5. Given the evidence presented, this Court cannot find Church Mutual satisfied its summary judgment burden to demonstrate no genuine dispute exists whether Boerne UMC's 18-month delay in reporting the hail damage caused to Church Mutual.

Because Church Mutual failed to satisfy this summary judgment burden, the burden does not shift to Boerne UMC to raise a genuine dispute of material fact on any of the breach-of-contract elements. Church Mutual's Motion for Summary Judgment on Boerne UMC's breach of contract cause of action based upon this argument will be denied.

### **Coverage Dispute**

Church Mutual next argues it is entitled to summary judgment because there is no genuine dispute of material fact on coverage. Church Mutual contends it is undisputed the Policy does not cover cosmetic damage, and the amount of Boerne UMC's covered losses do not exceed the policy deductible. These arguments pertain to element 3 of a breach of contract cause of action: whether Church Mutual breached the Policy terms.

Because the Court determined a genuine dispute of material fact exists on the second element of this cause of action, summary judgment is not appropriate. However, in the interest of caution, the Court will briefly discuss this argued basis for summary judgment.

In support of this argument, Church Mutual does present considerable evidence distinguishing the covered damage caused by hail from the non-covered, cosmetic damage. *See ECF No. 37, exh. D, Scout Report; exh. F, Decision Letter; exh. J, Walker Report at bates pages 001724-26; exh. K, Stephenson Report at bates pages 001841-42*. Church Mutual presents evidence to show its calculation of the ACV based upon its determination of the covered, non-

cosmetic damage. *Id*. This evidence is sufficient to satisfy Church Mutual's summary judgment burden to demonstrate evidence showing it did not breach the Policy terms. Thus, the burden shifts to Boerne UMC to raise a genuine dispute of material fact on the issue whether the damage found on the property was covered under the Policy.

In response, Boerne UMC presents its own evidence which consists of Church Mutual's initial adjuster's report, two individual roofing contractors, a public adjuster, and an engineer. This evidence reveals Boerne UMC' adjuster characterized the metal roofs as functionally damaged by hail. *ECF No. 40, exh. B, pp. 51-53; exh. B-3, pp. 1221-1222; exh. B-4, pp. 1137-1147; exh. E, par. 4; exhibit F, par. 6*. Two roofers provided reports they observed hail damage to the metal roofs that was "functional damage" because the size of the dents on the roof "can now hold water, and over time accumulating dirt and water will lead to deterioration of the roof." *ECF No. 40, exh. C, pp. 16-17 (opinion); exh. F, pars. 2-3 (qualifications and bases for opinion); exh. L, pars. 8, 10-11; exh. L-3, pp. 1463, 1465*. Based on their experience, both roofers concluded the observed damages were solely from the May 2021 hailstorm. *ECF No. 40, exh. F, par.3; exh. L, par. 11*. Finally, a public adjuster and a licensed engineer opined all three roofing systems (metal, TPO, and shingle) sustained functional damage. *ECF No. 40, exh. I, pars. 1-9; exh. J-1, p. 9; exh. J, par. 8; exhibit J-2, pp. 5-6*. The adjuster and engineer identified hail penetration as the cause of the observed damages. *ECF No. 40, exh. J-1, p. 9*. Drawing on their expertise, both concluded the damages to the roofing systems were damaged solely from the May 2021 hailstorm. *ECF No. 40, exh. I, ¶9; exh. J-1, p. 12*. In addition, the engineer concluded the damage to the HVAC and stained-glass windows (which neither are subject to the cosmetic exclusion) were caused solely from the May 2021 hailstorm. *ECF No. 40, exh. J-1, p. 12*.

11

Boerne UMC's public adjuster delineated the observed damages by building and estimated the replacement cost value using a valuation at the time of the loss, applied reasonable depreciation to the depreciable items, and arrived at an actual cash value per building using a valuation at the time of the loss. *ECF No. 40, exh. I, pars. 10-17*. The public adjuster applied the terms of the Policy to the observed damages, calculated the deductible, and applied the deductible on a per building basis, to determine the net amount due to Boerne UMC arising from damage caused by the subject hailstorm. *Id.* at pars. 11-16.

This evidence presented by Boerne UMC is sufficient to raise a genuine dispute of material fact whether: (1) the damage observed on the Property was caused by the subject hailstorm; (2) the damage is non-covered, cosmetic damage or covered "functional" damage; and (3) whether the cost of repair of the damage is below Boerne UMC's deductible. Therefore, summary judgment on the breach of contract cause of action based upon this argument will be denied.

2. **All Extra-Contractual Causes of Action**

Church Mutual contends it is entitled to summary judgment on all of Boerne UMC's extra-contractual causes of action for: (1) breach of the common law duty of good faith and fair dealing; (2) statutory bad faith under Chapter 541 of the Texas Insurance Code, and; (3) violations of the prompt payment obligations under Chapter 542 of the Texas Insurance Code. Church Mutual contends these extra-contractual causes of action are dependent upon a finding it breached the Policy terms by withholding benefits. Because Church Mutual established it is entitled to summary judgment on the breach of contract cause of action based upon its showing Boerne UMC had no right to receive benefits, Church Mutual contends these extra-contractual claims fail as a matter of law.

Church Mutual's argument for summary judgment on all the extra-contractual causes of action is dependent upon the Court finding Church Mutual is entitled to summary judgment on the breach of contract cause of action; however, the Court concluded Church Mutual did not satisfy its summary judgment burden to establish entitlement to summary judgment on the breach of contract cause of action. Therefore, this argument must fail.

### 3. Breach of Duty of Good Faith and Fair Dealing ("Bad Faith")[2]

In the alternative, Church Mutual contends it is entitled to summary judgment on Boerne UMC's cause of action for breach of duty of good faith and fair dealing because it presents evidence establishing a reasonable basis to deny coverage and payment of Boerne UMC's claim. Church Mutual contends the undisputed evidence shows this case involves an honest dispute as to the extent of damage to Boerne UMC's property caused by the subject hailstorm and the cost of the work necessary to rectify this damage.

An insurer holds a duty to deal fairly and in good faith with its insureds. *Bates v. Jackson Nat'l. Life Ins. Co.*, 927 F. Supp. 1015, 1021 (S.D. Tex. 1996); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 340 (Tex. 1995). An insurer breaches this duty and will be liable if it "knew or should have known that it was reasonably clear that the claim was covered." *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *United States Fire Ins. Co. v. Williams,* 955 S.W.2d 267, 268 (Tex. 1997). Consequently, under this reasonably-clear standard for determination of liability, "an insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." *State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 44 (Tex. 1998); *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997); *see also Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 537 (S.D. Tex. 1999).

---

[2] Typically, a cause of action asserting breach of good faith and fair dealing is referred to colloquially as a "bad faith claim."

13

"As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the fact finder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 459 (5th Cir. 1997). This determination of bad faith does not focus on whether the insured's coverage claim was valid, but, instead, on the reasonableness of the insurer's conduct in rejecting the claim. *Id*. Facts and evidence that show only a bona fide coverage dispute do not rise to the level of bad faith to impose liability. *Simmons,* 963 S.W.2d at 43; *Williams,* 955 S.W.2d at 268; *Nicolau,* 951 S.W.2d at 448; *Douglas*, 37 F. Supp. 2d at 537.

Similarly, an insurer is obligated to adequately investigate a claim before denying it. *Giles*, 950 S.W.2d at 56 n.5. "An insurer will not escape liability merely by failing to investigate a claim so that it can contend that liability was never reasonably clear. Instead, we reaffirm that an insurance company may also breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Id*. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *Simmons*, 963 S.W.2d at 44–45. If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Id*. An insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim, was conducted with an "outcome oriented" approach, or an expert's report was not objectively prepared. *See, e.g., Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 44-45.

Although the issue whether an insurer acted in bad faith, or the reasonableness of the insurer's conduct, is usually a question of fact for the jury, a court may determine as a matter of law that undisputed record evidence establishes an insurer had a reasonable basis for denying or delaying a claim payment. *See Alvarez v. State Farm Lloyds*, No. SA-18-CV-01191, 2020 WL

1033657, at *4 & n.2 (W.D.Tex. Mar. 2, 2020). If the insurer satisfies this summary judgment burden, the burden shifts to the insured to prove, and a court then must determine, whether the "insured failed to present evidence sufficient to support a bad faith claim." *Id*.

In this Motion for Summary Judgment, Church Mutual must present undisputed evidence that establishes it had a reasonable basis for denying or delaying payment on Boerne UMC's coverage claim at the time it inspected the claim and denied coverage. Church Mutual presents summary judgment evidence through the opinions of its post-litigation experts, Cory Walker and Robert Stephenson. *ECF No. 37, exhs. J, K*.

In his opinion, Walker opines that the observable damage at the property (1) did not affect the functionality of the roofs or appurtenances in question, and (2) was at least partially attributable to storm events that preceded the policy period. *ECF No. 37, exh. J at bates pages 001724-27*. Stephenson confirms that the ACV for such losses falls below the policy deductible. *Id. at exh. K, at bates pages 001841-42*. While these opinions establish facts necessary to establish Church Mutual's summary judgment burden to show Church Mutual held a reasonable basis for denying or delaying payment of the claim, the Court is reluctant to rely solely upon these post-litigation expert opinions to assess whether a Church Mutual satisfies its summary judgment burden to show it held a reasonable basis to deny Boerne UMC's coverage claim at the time it inspected the claim and denied coverage.

Upon review of the undisputed chronological history of Church Mutual's investigation of Boerne UMC's insurance claim and based upon Boerne UMC's undisputed 18-month delay in reporting the damage it alleges is covered under the Policy, the Court concludes Church Mutual promptly responded to Boerne UMC's claim by sending its inspector, Claim Consultant, within 13 days of the date of the claim and, based upon these findings, an extension letter within 30

days. *See ECF No. 37, exhs. B,C*. Church Mutual sent Scout Forensics, an engineer, to inspect the Property. *Id. at exh. D*. Upon receipt of Scout Forensics's Report, on January 12, 2023, Church Mutual issued its damage and coverage decision, within 55 days of the claim. *Id. at exh. F*.

The undisputed chronological factual history, the conflicting investigation reports, and conflicting repair cost estimates by representatives of both parties reveals Church Mutual promptly investigated Boerne UMC's claim before denying it and presents a bona fide dispute regarding Church Mutual's liability position regarding the extent of damage and cost of repair. This bona fide dispute does not rise to the level of actionable bad faith as a matter of law. *See Alvarez v. State Farm Lloyds*, 2020 WL 1033657, at *4; *see also Giles*, 950 S.W.2d at 56, n.5.

With this showing, the burden shifts to Boerne UMC to present summary judgment evidence to raise a genuine dispute whether Church Mutual's inspectors or adjustor conducted an unreasonable investigation, or that Church Mutual's investigation was calculated to underestimate or under-pay Boerne UMC's insurance claim. *See Nicolau*, 951 S.W.2d at 458; *Simmons*, 963 S.W.2d at 45.

In response, Boerne UMC asserts several allegations to denigrate the reasonability and intentionality of Church Mutual's inspection. However, Boerne UMC presents no evidence to support these allegations of wrongdoing, nor does it provide any record cites. *See ECF No. 39, p. 34*. Thus, these arguments are conclusory and unsubstantiated, and therefore, cannot support Boerne UMC's burden to raise a genuine dispute of material fact. See *Brown*, 337 F.3d at 541.

Boerne UMC ends with the contention that Church Mutual's experts' opinions "could not rule out that the puncture in the metal roof was not caused by hail," and therefore, these expert opinions are unreliable. This argument substantiates a finding that a bona fide dispute existed at

the time Church Mutual assessed and denied Boerne UMC's claim. Boerne UMC's dependence upon the unreliability of Church Mutual's experts' opinions does not satisfy its summary judgment burden.

For these reasons, Boerne UMC presents no evidence to dispute the facts that establish Church Mutual's reasonable efforts to determine the extent and cost of the roof damage. For the reasons stated, the Court concludes the undisputed evidence reveals that at the time it reviewed, investigated, and ultimately assessed the cost of its liability on Boerne UMC's insurance claim, Church Mutual had a reasonable basis for denying coverage and payment on Boerne UMC's claim as a matter of law. Consequently, Church Mutual's Motion for Summary Judgment will be granted as it pertains to this cause of action.

## Conclusion

For the reasons stated, Church Mutual's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Boerne UMC's cause of action of breach of duty of good faith and fair dealing is dismissed. Boerne UMC's causes of action of breach of contract, violation of the Texas Insurance Code § 541.151 for unfair settlement practices, and violation of the Prompt Payment Act in Texas Insurance Code § 542.060 remain. Boerne UMC's causes of action based in respondeat superior for violation of § 541.060(a)(1) for misrepresentation of material facts relating to coverage at issue, violation of § 541.060(a)(2) for failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim in which the insurer's liability has become reasonably clear, violation of § 541.060(a)(4) for failure to affirm or deny coverage or send a reservation of rights within a reasonable amount of time, violation of § 541.060(a)(7) for refusing to pay the claim without conducting a reasonable investigation, violation of § 541.061(1) for making an untrue statement of material fact, violation of §541.061(2) for

17

not properly stating all material facts in order to make other statements not misleading, considering the circumstances under which the statements were made, and violation of §541.061(3) for making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact remain.

    It is so ORDERED.
    SIGNED this 27th day of October, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE